IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARL E. DOTSON                                                                    PLAINTIFF

v.                                    No. 4:18-cv-935-DPM

C. MONROE, Patrol Officer,
Little Rock Police Department;
LARRY JEGLEY, Prosecutor; and
BILL SIMPSON, Public Defender                                          DEFENDANTS

## ORDER

**1.** Motion to proceed *in forma pauperis*, № 1, granted. Dotson must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court won't assess an initial partial filing fee because Dotson can't afford to pay one. But his custodian must collect monthly payments from Dotson's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Dotson's behalf must be clearly identified by case name and case number.

**2.** The Court directs the Clerk to send a copy of this order to the Administrator of the Pulaski County Detention Center, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

**3.** The Court must screen Dotson's complaint. № 2 & № 3; 28 U.S.C. § 1915A. Dotson alleges he was searched and seized without probable cause; the criminal proceedings against him were wrongly bound over to the Circuit Court of Pulaski County, Arkansas; and his Fifth Amendment right against self-incrimination was violated. № 2. Dotson's criminal case is pending in state court.

The Court must abstain from proceeding with Dotson's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Dotson may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). This case must, therefore, be put on hold until there's a final disposition of Dotson's pending state charges. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\* \* \*

This case is stayed. Dotson can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Dotson doesn't file a timely motion to reopen or a status report by

8 January 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

8 January 2019