**IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CARL E. DOTSON**                                                                                   **PLAINTIFF**

**V.**                          Case No. 4:18-CV-00935 DPM

**C. MONROE, Patrol Officer,**
**Little Rock Police Department;**
**LARRY JEGLEY, Prosecutor; and**
**BILLS SIMPSON, Public Defender**                                                    **DEFENDANT**

**DEFENDANT'S ANSWER TO COMPLAINT**

  **COMES NOW**, Defendant, Officer Caleb Monroe, in his individual and official capacities as a Police Officer for the Little Rock Police Department, by and through undersigned counsel, Thomas M. Carpenter, City Attorney, Laurtaneous J. Jarrett, Assistant City Attorney, and for his Answer to Plaintiff's Complaint for Damages for Unlawful Search a Violation of the Fourth and Fourteenth Amendment of the Constitutional Rights Under 42 U.S.C. 1983, states:

  1. In response to paragraph 1 of Plaintiff's Complaint, beginning with the words "On the 06/3/2017 (page 1, line 1)," and ending with the words "I who they call Cain (page 1, line 7)," of Plaintiff's Complaint, Defendant lack sufficient information to form a belief as to Wyndale Callahan conditions or the Plaintiff's state of mind and therefore deny each and every allegation contained therein.

  2. In response to paragraph 2 of Plaintiff's Complaint, beginning with the words "Officer C. Monroe (page 1, line 8)," and ending with the words "told me to shut up (page 1, line 12)," of the Plaintiff's Complaint, Defendant admit that he is an officer of the Little Rock Police Department and deny each and every remaining allegations contained therein.

  3. In response to paragraph 3 of Plaintiff's Complaint, beginning with the words "Officer C. Monroe (page 1, line 12)," and ending with the words "I had no warrants (page 1, line

20)," of the Plaintiff's Complaint, Defendant admits that he performed a Terry-Stop pat down on Plaintiff for safety reasons on the belief that the Plaintiff had a weapon and escorted Plaintiff to his patrol vehicle; Defendant denies each and every remaining allegation contained therein.

4. In response to paragraph 4 of Plaintiff's Complaint, beginning with the words "And that (page 1, line 20)," and ending with the words "on my back (page 1, line 26)," of the Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

5. In response to paragraph 5 of Plaintiff's Complaint, beginning with the words "I then tried [sic] (page 1, line 26)," and ending with the words "for his gun (page 1, line 29)," of the Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

6. In response to paragraph 6 of Plaintiff's Complaint, beginning with the words "I then became (page 1, line 29)," and ending with the words "4111 S. University (page 1, line 34)," of the Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

7. In response to Paragraph 7 of Plaintiff's Complaint, beginning with the words "On 06/3/2017 (page 2, line 1)," and ending with the words "was going on (page 2, line 6)," of the Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

8. In response to Paragraph 8 of Plaintiff's Complaint, beginning with the words, "The incident 1566008 (page 2, line 7)," and ending with the words "on the 3\of Jun\2017 (page 2, line 17)," of the Plaintiff's Complaint, Defendant is without sufficient information or knowledge to admit or deny allegations contained therein, and therefore deny the same.

9. In response to Paragraph 9 of Plaintiff's Complaint, beginning with the words "But stated also (page 2, line 18)," and ending with the words "Arkansas Constitution (page 2, line 23)," of the Plaintiff's Complaint, Defendant admits that he performed a Terry-Stop pat down on Plaintiff for safety reasons and escorted Plaintiff to his patrol vehicle; Defendant denies each and every remaining allegations contained therein.

…

10. In response to Paragraph 10 of Plaintiff's Complaint, beginning with the words "Which I never (page 2, line 24)," and ending with the words "next day 3\Jun\2017 (page 2, line 29)," of the Plaintiff's Complaint, Defendant is without sufficient information and knowledge to admit or deny the allegations contained therein, and therefore deny the same.

11. In response to Paragraph 11 through 15 of Plaintiff's Complaint, beginning with the words "I had no knowledge (page 2, 30)," and ending with the words "on the 6/6/2017 (page 3, line 21)," the paragraphs contains no factual allegations that requires a response, but to the extent this Court construes otherwise, the Defendant denies each and every allegation contained therein.

12. In response to Paragraph 16 of Plaintiff's Complaint, beginning with the words "6/7/2017 I was arrested (page 3, line 22)," and ending with the words "Class A MISD: (page 2, line 27)," of the Plaintiff's Complaint, Defendant admits that the Plaintiff was arrested on June 7, 2017 on a warrant for his arrest to the charges of Robbery (5-12-102), Escape – 3rd Degree (5-54-112), Resisting Arrest (5-54-103(a), Theft of Property Obtained by Threat of Serious Physical Injury (5-36-103(b)(1)(B) with a violation date of June 6, 2017; Defendant denies each and every remaining allegations contained therein.

13. In response to Paragraph 17 of Plaintiff's Complaint, beginning with the words "I set here (page 3, line 28)," and ending with the words "to Dismiss case 17-2221 (page 2, line 39)," of the Plaintiff's Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

14. In response to Paragraph 18 of Plaintiff's Complaint, beginning with the words "8/27/2018 of my second (page 4, line 1)," and ending with the words "17-75 (page 4, line 3)," of the Plaintiff's Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein, and therefore deny the same.

15. In response to Paragraph 19 of Plaintiff's Complaint, beginning with the words "1. My 4th Amendment Right (page 4, line 7)," and ending with the words "and Seizures (page 3, line 9)," of the Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

16. In response to Paragraph 20 of Plaintiff's Complaint, beginning with the words "2. My 5th Amendment Right (page 4, line 10)," and ending with the words "without probable cause (page 3, line 14)," of the Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein, and therefore deny the same.

17. In response to Paragraph 21 of Plaintiff's Complaint, beginning with the words, "3. Mr. Bill Simpson (page 4, line 15)," and ending with the words "of liberty (page 3, line 25) of the Plaintiff's Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein, and therefore deny the same.

18. In response to paragraph number 1, page 4, Cause of Action for Unlawful Search and Seizure – Fourth Amendment, Defendant denies each and every allegation contained therein.

19. In response to paragraph number 2, page 4, Cause of Action for Fifth Amendment, Defendant denies each and every allegation contained therein.

20. In response to paragraph number 3, page 4, Cause of Action for Fifth, Sixth, and Fourteenth Amendments, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

21. Plaintiff has failed to state a claim against the Defendant under any of the counts contained in the Complaint and therefore it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

22. Defendant denies that any constitutional violation occurred as set forth in the Complaint.

23. Defendant asserts any and all statutes of limitations applicable to the allegations contained in the Complaint.

24. Defendant asserts all doctrines of immunity under the law, including but not limited to absolute, tort, and statutory immunity.

25. Officer Caleb Monroe acted in an objectively reasonable manner based upon the facts and circumstances known to him on the date of the arrest, and is therefore entitled to qualified immunity in his individual capacity.

26. Defendant denies each and every material allegation contained in the Complaint not specifically admitted herein.

27. Defendant states that he acted in good faith and with a reasonable belief that his conduct was valid, necessary, constitutionally proper, and objectively reasonable for a police officer in the same circumstances, entitling Defendant to the qualified immunity.

28. Defendant asserts that he was acting within the scope of his employment and had probable cause to believe that Plaintiff had just engaged in an illegal activity; that during the contact with Plaintiff, Defendant had probable cause to believe that Plaintiff had committed a felony.

29. Defendant asserts that he had probable cause to detain Plaintiff based upon the Defendant's investigation, knowledge, and observations preceding the detention and that for officer safety was permitted to frisk the Plaintiff for weapons.

30. Defendant alleges that the Plaintiff failed to mitigate his damages, if any.

31. Defendant requests a jury trial in this matter.

32. Many of the references contained throughout the Complaint by the Plaintiff contain no identification or documentation from which it is derived from. Defendant may seek leave of the

Court to amend his Answer if Plaintiff provides documentation or identification for which it has referenced or the Defendant is able to otherwise make such determination.

**WHEREFORE**, Defendant Caleb Monroe pray that this Court dismiss Plaintiff's Complaint against him in his official and personal capacity, that he be awarded costs and attorney's fees incurred herein, and for all other just relief in which he may be entitled.

Laurtaneous J. Jarrett, #2016060<br>
Assistant City Attorney<br>
500 West Markham Street, Suite 310<br>
Little Rock, Arkansas 72201<br>
Tel: (501) 371-4527<br>
Fax: (501) 371-4675<br>
ljohnsonjarrett@littlerock.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and on this date and mailed a copy of this pleading by United States Postal Service with sufficient postage to ensure delivery to the following: Carl Dotson, East AR Region Unit, P. O. Box 180, Brickeys, AR 72320-0179.

Laurtaneous J. Jarrett